AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

## (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Boston | |
|---|---|---|
| Name (under which you were convicted): Jose Hernandez | | Docket or Case No.: |
| Place of Confinement : MCI-Shirley Medium Harvard Rd., P.O. Box 1218, Shirley, MA 01464 | Prisoner No.: #W100450 | |
| Petitioner (include the name under which you were convicted) Jose Hernandez v. | Respondent (authorized person having custody of petitioner) Steven Kenneway, Superintendent, and Maura Healey, | |
| The Attorney General of the State of: Massachsetts | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    Essex County Superior Court, 56 Federal Street, Salem MA 01970.

    (b) Criminal docket or case number (if you know):   ESCR2010-000143 (1077CR00143).

2. (a) Date of the judgment of conviction (if you know):   03/28/2012

    (b) Date of sentencing:   03/28/2012

3. Length of sentence:   Life without parole, committed to MCI, Cedar Junction.

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:

    First degree murder, Mass. Gen. L. c. 265, § 1.

6. (a) What was your plea? (Check one)

    ☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes   ☐ No

8.   Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   Supreme Judicial Court of Massachusetts

(b) Docket or case number (if you know):   SJC-11467

(c) Result:   Judgment affirmed. Order denying motion for new trial affirmed.

(d) Date of result (if you know):   01/09/2019; petition for rehearing denied 3/6/2019.

(e) Citation to the case (if you know):   481 Mass. 189 (2019).

(f) Grounds raised:   (see attached sheet)

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

Jose Hernandez, Petitioner

Petition for Relief From a Conviction or Sentence By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

Attachment to Page 3

Response to Question 9

9.  If you did appeal, answer the following:

. . .

(f)  Grounds raised:

(1) The failure of the trial court to dismiss the indictment charging the defendant with first degree murder in the death of the decedent violated Article 12 of the Massachusetts Declaration of Rights and the Due Process Clause of the Fourteenth Amendment, where the prosecutor failed to present to the grand jury exculpatory evidence that would have greatly undermined the credibility of the Commonwealth's case and would likely have affected the grand jury's decision;

(2) The trial judge committed reversible error by precluding defense counsel from cross-examining material informant witness Miguel Sierra with sufficient flexibility to demonstrate the full extent of the witness's bias in favor of the prosecution and to rebut the witness's assertion that the benefits he received from the prosecution did not motivate the witness's cooperation with the prosecution or his testimony, in violation of the defendant's right of confrontation under the Sixth and Fourteenth Amendments and under Article 12;

(3) The trial judge committed reversible error by precluding the defendant from introducing evidence of a prosecution witness's personal knowledge as to a likely basis for the agitated behavior of the alleged victim, as a drug addict seeking drugs, which was offered to support the defendant's defenses that he acted in self-defense and without the mental state required for a conviction of murder, in violation of the defendants rights under the Due Process Clause of the Fourteenth Amendment and/or the Compulsory Process Clause or Confrontation clauses of the Sixth Amendment to a meaningful opportunity to present a complete defense, and in violation of the defendant's right under Fourteenth Amendment Due Process to a reasonable opportunity to defend himself and an opportunity to be heard in his defense, in violation of the Fourteenth Amendment Due Process requirement that precludes conviction of a criminal offense except upon proof beyond a reasonable doubt of every fact necessary to convict, and in violation of his right to present a defense under Article 12;

(4) The defendant's conviction, if not reversed, should be reduced pursuant to Mass. Gen. L. c. 278, § 33E, because the evidence was more consonant with manslaughter than with murder;

(5) The defendant's conviction must be reversed because of newly discovered evidence which shows, in conjunction with the remainder of the evidence, that the jury received a materially inaccurate picture of the reliability of evidence collection at the crime scene and an inaccurate picture as to the likely contents of the decedent's vehicle at the time of the alleged

offense, leading to an unreliable and unfair assessment of the defendant's claim of self-defense.

(6) The defendant's conviction must be reversed because the Commonwealth, in violation of the Due Process Clause of the Fourteenth Amendment, and due process under Article 12, withheld from the defendant materially favorable evidence as to the deficient performance, incompetence, unreliability and bias of Commonwealth witness, State Police Crime Laboratory evidence collection supervisor and crime scene analyst Erik Koester that was in the possession the Commonwealth's investigative team at the time of trial.

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): No. 18-9666

(2) Result: Petition Denied.

_____

(3) Date of result (if you know): 10/07/2019

(4) Citation to the case (if you know): 140 S. Ct. 168 (October 7, 2019).

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Supreme Judicial Court, remanded to Essex County Superior Court

(2) Docket or case number (if you know): SJC-11467; ESCR2010-000143 (1077CR00143)

(3) Date of filing (if you know): 07/24/2015

(4) Nature of the proceeding: motion for a new trial

(5) Grounds raised: (see attached sheet)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: motion denied; appeal consolidated with principal appeal in No. SJC-11467

Jose Hernandez, Petitioner

Petition for Relief From a Conviction or Sentence By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

Attachment to Page 4

<u>Response to Question 11</u>

(a) Grounds raised (in motion for new trial referenced in response to Question 11(a)(4)):

(1) The defendant's conviction must be reversed because of newly discovered evidence which shows, in conjunction with the remainder of the evidence, that the jury received a materially inaccurate picture of the reliability of evidence collection at the crime scene and an inaccurate picture as to the likely contents of the decedent's vehicle at the time of the alleged offense, leading to an unreliable and unfair assessment of the defendant's claim of self-defense.

(2) The defendant's conviction must be reversed because the Commonwealth, in violation of the Due Process Clause of the Fourteenth Amendment, and due process under Article 12, withheld from the defendant materially favorable evidence as to the deficient performance, incompetence, unreliability and bias of Commonwealth witness, State Police Crime Laboratory evidence collection supervisor and crime scene analyst Erik Koester that was in the possession the Commonwealth's investigative team at the time of trial.

AO 241 (Rev. 09/17)

(8) Date of result (if you know):   12/27/2016

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:   N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:   N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    (see attached sheet)

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(see attached sheets)

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

Jose Hernandez, Petitioner

Petition for Relief From a Conviction or Sentence By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

Attachment to Page 6

Responses to Question 12, Ground One & Ground One Section (a)

**GROUND ONE:** The defendant's conviction must be reversed because the Commonwealth, in violation of the Due Process Clause of the Fourteenth Amendment, withheld from the defendant evidence in the possession of the Commonwealth's investigative team that was materially favorable to the defendant's case, as to the deficient performance, incompetence, unreliability, and bias of Commonwealth witness, State Police Crime Laboratory evidence collection supervisor and crime scene analyst Erik Koester.

   (a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.) :

On May 7, 2015, well after trial, after the case had been briefed in the Supreme Judicial Court and the day before oral argument was to occur, the defendant learned of new evidence in the Commonwealth's possession that Erik Koester, a prosecution witness, crime scene evidence collection supervisor and forensic scientist, had, subsequent to the trial, resigned his position based on the substandard performance of his duties, and his inadequate responses to his superiors' attempts to correct his deficiencies. A portion of the Koester deficiency evidence occurred prior to or during trial, yet this information was not made available to the defendant at trial. The new evidence was material in raising doubt as to the prosecution's assertion, based on the purported high quality of evidence collection, that the jury could rely on the prosecution's assurances that no gun or shiny object capable of being mistaken for a gun was present in the decedent's vehicle at the time of the decedent's death, thus undermining the defendant's claim of self-defense.

        Defendant Jose Hernandez was tried on March 20-23, 26-28, 2012. Erik Koester testified on March 23, 2012.  Erik Koester had testified at the defendant's trial as to his own purported proficiency and credibility in his position at the Massachusetts State Police Crime Laboratory: that he would act as a technical liason between the crime lab and various investigating agencies, that he provided technical advice when needed, that he also worked in the Criminalistics Unit on evidence collected at the crime scene or submitted by investigating agencies, and testified to his observations in court; and, most importantly, that as a supervising crime scene analyst at the State Police Crime Laboratory he supervised a team of crime scene responding forensic scientists, in three counties, that he was on call 24 hours a day, every day, that when a crime scene came in he was the person who dispatched the appropriate personnel, and that if it was a complicated scene, such as a homicide, he would supervise the scene and "make sure that evidence is being processed, collected".  In giving the foregoing testimony at trial, Koester did not mention that he was subject to any question or challenge regarding his ability to do his job, his competence, or his truthfulness in responding to challenges to the quality of his work, by any superior or colleague of Koester, during the course of his employment at the State Police Crime Laboratory.

        The newly discovered Erik Koester evidence showed or indicated the following (and included but was not limited to the following) :

- that Koester's evidence collection decisions were based on conferences with the prosecution, an approach to "weed out" evidence, collecting only evidence that would provide proof of the prosecution's case as described to him by the district attorney's office and others in the prosecution's investigatory team ;

- that Koester did not follow proper procedures, was unreliable in his communications, and was a misleading reporter of his own deficiencies ; that upon receipt of new forensic information a corrected report would not be issued if the trial already began ;

- that a September 3, 2013 memo indicated: that a superior at the State Police Forensic and Technology Center was aware of several instances that called into question Mr. Koester's knowledge and understanding of the procedures used in the Criminalistics Unit; that a superior at the State Police Forensic and Technology Center was being approached with questions from analysts because the analysts did not feel confident in Koester's answers to questions after previously receiving incorrect information; that a corrective action plan as to the Koester's deficiencies stated: the root cause as to Koester's deficiencies appeared to be based on Koester, that Erik Koester demonstrated that he did not follow procedure, completely understand procedures or comply with corrective action plans (which statement, not presented at the defendant's trial, is as damning as any commentary could be on a crime scene analyst's credibility as a witness or his fitness to be working in an important capacity on a criminal case), and stated that Koester had been removed from all aspects of casework including technical and administrative reviews;

The newly discovered Erik Koester evidence further showed or indicated:

- that a memo dated October 15, 2013 stated:

that a review of Koester's casework between November 8, 2010 and May 11, 2012, indicated that Koester may have disregarded the trace documentation and reporting requirements as defined by the Recovery and Initial Classification of Trace Evidence protocol, that the memo dated October 15, 2013, stated that  in consultation with the Quality Assurance Management Section corrective action team, the root cause of this issue was determined to be an inaccurate examination by Mr. Koester, and a Level I Non-Conformity, that it was is unclear as to why this occurred, and that efforts to determine this had been unsuccessful, and that, in addition, failure to collect potentially probative trace evidence questioned the quality of Mr. Koester's work and the potential for it being a systemic issue, and that, as a result, it was determined that a more extensive investigation into Mr. Koester's work was required;

The newly discovered Erik Koester evidence further showed or indicated: that on  January 23, 2014, Kristen Sullivan, Laboratory Director FSG, of the State Police Forensic and Technology Center, issued Erik Koester a one-day suspension of pay without benefits for failure to establish and maintain competency, and notified Koester that "any future incidents related to this matter may result in additional disciplinary action up to and including termination"; that Koester's incompetence and unreliability resulted in his termination, as documented in a September 23, 2014 State Police Crime Laboratory document by the

Laboratory Director/Chief Science Officer (labeled by defendant as "Disclosure Memo" [1]) which states:

> In March of 2012, Mr. Koester became the subject of an ongoing corrective action by Lab Management, due to deficiencies identified during the annual proficiency testing program (part of the Crime Lab's Quality Assurance Program), and that Mr. Koester resigned on April 1, 2014 and is no longer employed by the Department of State Police Crime Lab.

The newly discovered Koester evidence, in conjunction with the remaining available evidence, creates significant doubt as to the Commonwealth's assertion that the decedent Roberto Plaza's vehicle contained no item that could have been mistaken for a weapon, that the newly discovered Koester evidence elevates the significance of the following:

> - That <u>Motion Exhibit 6</u> ("Mot.Ex.6"), a copy of a 3-page Crime Scene Report, dated July 6, 2009, by Justin L. Maxwell, Chemist III, of the State Police Crime Laboratory, reporting on the examination of materials in connection with the shooting of Roberto Plaza in Lawrence on or about June 7, 2009, <u>Mirsky Aff.</u>, at ¶ 9; <u>Mot.Ex.6</u>, at 1-3 (S.R.A.97-99)("<u>Maxwell Report</u>"), indicates that when the Oldsmobile Cutlass was examined at Coady's Towing in Lawrence at approximately 1:30 a.m. on June 8, 2009, "On the front passenger side floor was a baseball cap, a cell phone and a steering wheel lock", and that of these items found on the passenger side floor, the cell phone and the steering wheel lock were not "collected from the scene and transported to the Crime Laboratory". <u>Mot.Ex.6</u>, at 2. (S.R.A.98);

> - That as part of Trooper Stephen J. O'Connor's investigation, he came into possession of Roberto Plaza's personal effects, which included "two cigarette lighters" (Tr. Vol. 3/48-50);

> - And that Commonwealth photographic exhibit <u>Trial Exhibit #12</u> (S.R.A.77-78), showing the presence of a twenty dollar bill in Plaza's Oldsmobile Cutlass, while making it appear as if the vehicle had been photographed to display its contents at the time it was recovered, does not show either the cell phone, the cigarette lighter, the red metal vehicle security device, or the baseball cap;

The newly discovered Koester evidence revealed a substantial basis to doubt the prosecutor's assertion that no object that could have been mistaken for a weapon was present in Plaza's car at the time he was shot. The defendant asserted that this new information would have raised doubt as to the prosecution's assertion at trial, based on the purported high quality of evidence collection, that the jury could rely on the prosecution's assurances that no gun or shiny object capable of being mistaken for a gun was present in the decedent's vehicle at the

---

[1] This refers to <u>Motion Exhibit 8</u> ("Mot.Ex.8") (a copy of a 3-page document dated September 23, 2014, entitled "Disclosure memo regarding former Forensic Scientist E. Koester", by Kristen L. Sullivan, Laboratory Director/Chief Science Officer, State Police Crime Laboratory ("Disclosure Memo"), and addressed to Middlesex D.A. Marian T. Ryan, Middlesex A.D.A. Michael Pelgro, with a copy to Tara Maguire, Executive Director, Massachusetts District Attorneys Association. <u>Mirsky Aff.</u>, at ¶13; <u>Mot.Ex.8</u>. (S.R.A.105-107)

time of the decedent's death; this assertion was material as to the defendant's claim of self-defense. The defendant's claim of self-defense was that at the time the decedent was shot, the decedent, who, while seated in his vehicle, had just told the defendant, "Don't give me your back because if you give me your back I'm going to kill you. You know what, I'm going to kill you right now", leaned down and reached down, and grabbed something shiny from the seat, and that the decedent was shot while the defendant was thinking about what the decedent had said, that the decedent was going to shoot the defendant "right now", and that the defendant acted based on his instinct to preserve himself;

Newly discovered Erik Koester evidence specifically available to the Commonwealth's investigative team at the time of trial included the following:

> **In March of 2012**, Mr. Koester became the subject of an **ongoing corrective action by Lab Management**, **due to deficiencies identified during the annual proficiency testing program** (part of the Crime Lab's Quality Assurance Program).

> The new Koester evidence also includes a document dated **February 10, 2012**, which indicates that a "Satisfactory" result Koester had obtained as to a "Crime Scene – Bloodstain Pattern" proficiency test was "Rescinded" on "**3/15/12** (emphasis added)". Mot.Ex.10, at 40; Supp.Ex.2/47.

> Motion Exhibit 10, a May 14, 2012 memo by Michelle Levasseur, Technical Leader, Criminalistics and Crime Scene Response, State Police Forensic and Technology Center, indicates that on **March 5, 2012**, Levasseur was asked by Quality Assurance Manager Kristen Sullivan to review a determination that Koester had failed a proficiency examination that he had previously been determined to have completed satisfactorily. Koester's deficiency involved not measuring a stain to the appropriate degree and not using the proper equipment to make the measurement. Mirsky Aff., at ¶ 15; Mot.Ex.10, at 1; Supp.Ex.2/1. (S.R.A.244,326) Mot.Ex.10 also indicates: that on **March 9, 2012**, Sullivan and Levasseur contacted Koester and informed him that the satisfactory result he had achieved on his 2011 external crime scene proficiency test was being rescinded and that he would receive an unsatisfactory result; that Koester admitted to Sullivan and Levasseur "**that he did not follow the proper procedure which included using a measuring loupe to take the measurements**"; and that on **March 15, 2012**, Technical Leader Cathleen Morrison received the results of the 2010 internal/external crime scene proficiency test which were being graded by the Maine State Police Crime Laboratory, which indicated Koester's examination of the angle of impact measurements was unsatisfactory. Mot.Ex.10, at 1; Supp.Ex.2/1. (S.R.A.244,326)

These facts, in conjunction with the following, would have undermined confidence in Koester and the verdict, elevating the significance of the following:

> - That Motion Exhibit 6 ("Mot.Ex.6"), a copy of a 3-page Crime Scene Report, dated July 6, 2009, by Justin L. Maxwell, Chemist III, of the State Police Crime Laboratory, reporting on the examination of materials in connection with the shooting of Roberto Plaza in Lawrence on or about June 7, 2009, Mirsky Aff., at ¶ 9; Mot.Ex.6, at 1-3 (S.R.A.97-99)("Maxwell Report"), indicates that when the Oldsmobile Cutlass was examined at Coady's Towing in Lawrence at approximately 1:30 a.m. on June 8, 2009, "On the front passenger side floor was a baseball cap, a cell phone and a steering wheel lock", and that of these items found on the passenger side floor, the

cell phone and the steering wheel lock were not "collected from the scene and transported to the Crime Laboratory". <u>Mot.Ex.6</u>, at 2. (S.R.A.98)

- That as part of Trooper Stephen J. O'Connor's investigation, he came into possession of Roberto Plaza's personal effects, which included "two cigarette lighters" (Tr. Vol. 3/48-50);

- And that Commonwealth photographic exhibit <u>Trial Exhibit #12</u> (S.R.A.77-78), showing the presence of a twenty dollar bill in Plaza's Oldsmobile Cutlass, while making it appear as if the vehicle had been photographed to display its contents at the time it was recovered, does not show either the cell phone, the cigarette lighter, the red metal vehicle security device, or the baseball cap.

The newly discovered Koester evidence, in combination with the remainder of the evidence, revealed a substantial basis to doubt the prosecutor's assertion that no object that could have been mistaken for a weapon was present in Plaza's car at the time he was shot. This new information would have raised doubt as to the prosecution's assertion at trial that based on the purported high quality of evidence collection the jury could rely on the prosecution's assurances that no gun or shiny object capable of being mistaken for a gun was present in the decedent's vehicle at the time of the decedent's death; this assertion was material as the defendant's claim of self-defense.

AO 241 (Rev. 09/17)

**(c)      Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    motion for a new trial

Name and location of the court where the motion or petition was filed:    Supreme Judicial Court; remanded to

Essex County Superior Court

Docket or case number (if you know):    SJC-11467; ESCR2010-000143 (1077CR00143)

Date of the court's decision:    12/27/2016

Result (attach a copy of the court's opinion or order, if available):    Motion denied; appeal consolidated with

principal appeal in No. SJC-11467; (Superior Court opinion and order attached; Supreme Judicial Court

opinion attached)

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Supreme Judicial Court

_____

Docket or case number (if you know):    No. SJC-11467

Date of the court's decision:    01/09/2019; *petition for rehearing denied 3/6/2019*

Result (attach a copy of the court's opinion or order, if available):    (attached)

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:**          N/A _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?     ❏ Yes     ❏ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

    _____

    _____

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏ Yes     ❏ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:**          N/A

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

    _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ❏ Yes    ❏ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    (3) Did you receive a hearing on your motion or petition?    ❏ Yes    ❏ No

    (4) Did you appeal from the denial of your motion or petition?    ❏ Yes    ❏ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes    ❏ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

AO 241 (Rev. 09/17)

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

     have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**   N/A

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

     (1) If you appealed from the judgment of conviction, did you raise this issue?     ❐ Yes     ❐ No

     (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

     (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ❐ Yes     ❐ No

     (2) If your answer to Question (d)(1) is "Yes," state:

     Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                       ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                  ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?   ☑ Yes       ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

No. _____

_____

_____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?   ☑ Yes       ☐ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.   (see attached sheet) _____

_____

_____

_____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?   ☐ Yes       ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

_____

_____

Jose Hernandez, Petitioner

Petition for Relief From a Conviction or Sentence By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

Attachment to Page 13

<u>Response to Question 14</u>

14.

. . . .

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

U.S. Supreme Court, 1 First Street, NE, Washington, DC 20543.  Petition for writ of certiorari denied on October 7, 2019.  Issue: Whether the Due Process Clause of the Fourteenth Amendment is violated where, in reviewing a defendant's a Fourteenth Amendment Due Process violation claim under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny, based on the prosecution's failure to disclose favorable evidence to a defendant facing trial, an appellate court applies a prejudice standard requiring a defendant seeking reversal of a conviction (1) to demonstrate a substantial risk that the jury would have reached a different conclusion if the undisclosed evidence had been admitted at trial; and (2) to demonstrate that the undisclosed evidence is relevant for reasons other than the impeachment of a witness.

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    N/A

(b) At arraignment and plea:    Michael T. Phelan, P.O. Box 184, Salem, MA 01970.

(c) At trial:    Vivianne (Aviva) E. Jeruchim, Jeruchim & Davenport, LLP, 50 Congress St.,
50 Congress St., Suite 615, Boston MA 02109

(d) At sentencing:    (same as (c))

(e) On appeal:    David H. Mirsky, Esquire, Mirsky & Petito, Attorneys at Law, P.O. Box 1063,
Exeter, NH 03833

(f) In any post-conviction proceeding:    (same as (e))

(g) On appeal from any ruling against you in a post-conviction proceeding:    (same as (e))

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?         ☐  Yes   ☑  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?         ☐  Yes   ☐  No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition is timely filed under 28 U.S.C. section 2241(d)(1)(A) because it is being filed within 1 year
after October 7, 2019, which is the date on which the petitioner's petition for writ of certiorari was denied
by the U.S. Supreme Court (and therefore the date on which the judgment became final by the
conclusion of direct review).

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Reverse his conviction and grant him a new trial

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct, ~~and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on~~ _____ ~~(month, date, year).~~

Executed (signed) on    9/24/20    (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

**sjccommclerk@sjc.state.ma.us**

# SJC-11467 - Notice: Petition for Reconsideration Denied

To dmirsky@comcast.net

Supreme Judicial Court for the Commonwealth of Massachusetts

RE:  No. SJC-11467

COMMONWEALTH
vs.
JOSE HERNANDEZ

####      NOTICE OF DENIAL OF PETITION FOR REHEARING

The Petition for Rehearing filed in the above captioned case has been considered by the court and is denied.

Francis V. Kenneally, Clerk

Dated: March 6, 2019

To:
Catherine L. Semel, A.D.A.
David H. Mirsky, Esquire
Essex Superior Court

 Neutral

As of: September 16, 2020 7:58 PM Z

# *Hernandez v. Massachusetts*

Supreme Court of the United States

October 7, 2019, Decided

No. 18-9666.

**Reporter**

2019 U.S. LEXIS 6049 *; 140 S. Ct. 168; 205 L. Ed. 2d 103

Jose Hernandez, Petitioner v. Massachusetts.

**Prior History:** *Commonwealth v. Hernandez, 481 Mass. 189, 2019 Mass. LEXIS 4, 113 N.E.3d 828 (Jan. 9, 2019)*

**Judges:** [*1] Roberts, Thomas, Ginsburg, Breyer, Alito, Sotomayor, Kagan, Gorsuch, Kavanaugh.

# Opinion

Petition for writ of certiorari to the Supreme Judicial Court of Massachusetts denied.

End of Document

DAVID MIRSKY